**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| In re: | Chapter 7 |
| Anita Marie Jones | Case No. 26-20664-gmh |
| Debtor. | |

Anita Marie Jones

Plaintiff,

v. Adversary Case No. 26-02035-gmh

loanDepot.com, LLC

Defendant

**LOANDEPOT.COM, LLC'S OBJECTION TO ANITA JONES' EMERGENCY MOTION TO DECLARE POST-PETITION SHERIFF'S DEED VOID AB INITIO AND FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF AND ANITA JONES' MOTION FOR CONTEMPT AND SANCTIONS ARISING FROM WILLFUL VIOLATION OF THE AUTOMATIC STAY**

The Defendant, loanDepot.com, LLC, by its attorneys, Gray & Associates, L.L.P., hereby objects to Anita Jones' Emergency Motion to Declare Post-Petition Sheriff's Deed Void Ab Initio and for Temporary Restraining Order and Injunctive Relief and Anita Jones' Motion for Contempt and Sanctions Arising from Willful Violation of the Automatic Stay. Both motions were filed in the main bankruptcy case as well as the adversary case.

## FACTS

The facts are undisputed. A sheriff sale took place on February 9, 2026 in the foreclosure action pending in Milwaukee County Circuit Court Case No. 21CV7069. The sheriff sale began at

11:00 a.m. and concluded by 11:07 a.m. The property was sold to a third party bidder for $210,850.00. Ms. Jones filed this Chapter 7 bankruptcy case on February 9, 2026 at 12:19 p.m. A copy of the Notice of Bankruptcy Case Filing is attached as Exhibit A. Due to the timing of the bankruptcy filing, the sheriff sale is valid and did not violate the automatic stay.

## ARGUMENT

Wisconsin case law recognizes that a foreclosure action completes upon confirmation of the sheriff sale via court approval. *Shuput v. Lauer*, 109 Wis. 2d 164, 174 (Wis.1982) citing *Gerhardt v. Ellis*, 134 Wis. 191, 195, 114 N.W. 495 (1908). Ms. Jones alleges that loanDepot.com, LLC violated the automatic stay because it drafted a proposed sheriff's report of sale and proposed sheriff's deed and emailed it to the sheriff after she filed for bankruptcy. Counsel for loanDepot.com, LLC's actions did not violate the automatic stay because they were a ministerial act. Counsel for loanDepot.com, LLC was required to submit those documents to the sheriff pursuant to Wis. Stat. §§ 846.16(1r)(b)(1) and (2) which provides:

> *Deductions from proceeds; transmittals to clerk of court.* No later than 10 days after a sale of mortgaged premises under sub. (1g), the sheriff or referee shall do all of the following:
> **1.** File a report of the sale with the clerk of court.
> **2.** Deliver to the clerk of court all of the following:
> **a.** The deed to the mortgaged premises executed under par. (a).
> **b.** After deducting the costs and expenses of the sale, unless the court orders otherwise, the proceeds of the sale ordered by the court.

The sheriff requires counsel for the Plaintiff in a foreclosure action to draft the sheriff's report and deed and email or mail it to them to execute and file with the court to comply with Wis. Stat. § 846.16(1r)(b)(1). The statute is clear that the deed is held until confirmation of the sale. Wis. Stat. § 846.16 (1r)(c) states:

> *Deed held until confirmation.* The clerk of court shall hold a deed delivered to the clerk of court under par. (b) 2. a. until confirmation of the sale under sub. (2m)." A sheriff sale is

> not final until it is confirmed by the court and the deed is recorded with the Register of Deeds pursuant to Wis. Stat. §§ 846.16 (2m) and (3m).

loanDepot.com, LLC did not take any steps to confirm the sheriff sale. Indeed, Judge Hanrahan held a hearing on February 6, 2026 on Ms. Jones' motion to vacate the judgment. The motion was denied. At the end of the hearing, Judge Hanrahan asked counsel for loanDepot.com, LLC to submit a proposed order. Counsel for loanDepot.com, LLC filed the proposed order later that day. When counsel for loanDepot.com, LLC learned of Ms. Jones' bankruptcy filing, she filed a letter with the Court asking Judge Hanrahan not to sign the proposed order due to the automatic stay. A copy of the letter is attached as Exhibit B.

The drafting of the sheriff's report and sheriff's deed did not have any effect on the debtor's rights or interests in the property located at 7725-7727 N. 80th Street in Milwaukee, Wisconsin ("the Property'). The drafting of the sheriff's report and sheriff's deed was a ministerial act, exempt from the automatic stay. Furthermore, counsel for loanDepot.com, LLC did not file the documents with the court, the sheriff's office did.

In *Woodsman LLC v. Denil,* Adv. Case No. 15-2567-BEH (Bankr. E.D. Wis. May 20, 2016), on page 13, Judge Hanan discussed ministerial acts:

> Notwithstanding section 362(b) and (d), some courts view purely ministerial acts taken after the filing of a bankruptcy petition as not subject to the automatic stay. See, e.g., *Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 973–74 (1st Cir. 1997) (citing to Second and Fourth Circuit cases to recognize the existence of a ministerial acts exception, but holding that the exception did not apply to the act taken). Ministerial acts are described as clerical in nature and occur where "nothing is left to the exercise of the official's discretion or judgment." *Id.* at 974. Ministerial acts are the antithesis of judicial acts where discretion and judgment are exercised by an official. *Id.* For example, the Soares court distinguished a clerk entering judgment on the docket postpetition where the court already so-ordered pre-petition, with the court issuing a decision on summary judgment post-petition where the issues were briefed and argued pre-petition; the former was clerical in nature and a ministerial act, while the latter was a judicial exercise of judgment, and in that case, an action taken in violation of the automatic stay. *Id.*

*Woodsman* concerned a strict foreclosure action:

> On July 6, 2015, the state court granted Woodsman a judgment of strict foreclosure. *Id.* at 27–29. The judgment was in the amount of $99,271.02, and provided that Denil Auto had until October 4, 2015, to redeem the property by paying Woodsman the entire amount due under the judgment. *Id.* at 28.
>
> … Neither the Denils nor Denil Auto redeemed the Property on or before October 4, 2015. CM-ECF, Doc. No. 1, ¶15; CM-ECF, Doc. No. 6, ¶1. On October 5, 2015, Woodsman applied to the state court for an order pursuant to Wisconsin Statutes section 846.30 to finalize the strict foreclosure, averring that neither the Denils nor Denil Auto redeemed the Property by the October 4, 2015, redemption date. CM-ECF, Doc.
>
> The Denils filed for bankruptcy relief under chapter 13 on October 7, 2015. The state court had not entered an order pursuant to section 846.30 of the Wisconsin Statutes by that date. *Id.* at p. 13-14.

In *Woodsman* the creditor argued that the entry of an order finalizing Woodsman's judgment of strict foreclosure under Wisconsin Statutes § 846.30 was a ministerial act not subject to the automatic stay. *Id.* at p. 15. Judge Hanan rejected that argument. *Id.*

The facts of this case are distinguishable from *Woodsman* because this case involves a non-deficiency foreclosure action pursuant to Wis. Stat. § 846.103, not a strict foreclosure action. The sheriff sale in Ms. Jones' foreclosure case was held after the redemption period expired. Ms. Jones' allegation does not concern the entry of a judgment order, but the submission of a report to the sheriff. An order finalizing a judgment requires the exercise of judicial judgment whereas the submission of a sheriff's report is a clerical ministerial act.

The facts of this case are also distinguishable from *First Nat'l. Bank- Fox Valley v. Gruber*, because that case involved an execution of a judgment by the sheriff, not a foreclosure sheriff sale. Adv. No. 13-02797, Case No. 13-31898-GMH (Bankr. E.D. Wis. Apr 16, 2014). In *Gruber*, the purchaser of the property argued that "the sheriff's execution of a deed following

the expiration of both redemption periods is a ministerial act not subject to the automatic stay." *Id.* at p. 3. Judge Halfenger rejected that argument. *Id.* at p. 12.

In *Gruber* when the purchaser made a demand on the sheriff to issue a deed, they knew that if the sheriff issued the deed, it would finalize the transfer of the ownership of the property to them. That is not the case here. The drafting of the report of sale and deed were administrative acts that documented what happened at the sheriff sale. Under Wisconsin law, when the property is purchased by a third party bidder, the transfer of the ownership of the property is not complete until (1) the judge confirms the sale, (2) the third party bidder pays: the balance of the sale proceeds, the transfer fee and the deed recording fee and (3) the Register of Deeds records the sheriff's deed. Wis. Stat. §§ 846.16 (1r)(c), 846.16 (2m). This is a very different process than what occurs after an execution sale.

The facts of this case are distinguishable from the facts in *Woodsman* and *Gruber* and fit the definition of a ministerial act. Even if this Court finds that this was a violation of the automatic stay, the court should deny Ms. Jones' request to impose sanctions on loanDepot.com, LLC and to hold it in contempt.

11 U.S.C. § 362(k) states:

> **(1)** Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
> **(2)** If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

Ms. Jones' request should be denied because she has not alleged that she suffered any actual damages due to the submission of the proposed report of sale and deed to the sheriff.

## CONCLUSION

WHEREFORE, loanDepot.com, LLC respectfully requests that the court issue an order denying Ms. Jones' Emergency Motion to Declare Post-Petition Sheriff's Deed Void Ab Initio and for Temporary Restraining Order and Injunctive Relief and denying Ms. Jones' Motion for Contempt and Sanctions Arising from Willful Violation of the Automatic Stay and granting any further relief as the Court may deem to be just and equitable under the circumstances.

Dated this 28nd day of May, 2026.

GRAY & ASSOCIATES, L.L.P.
Attorneys for loanDepot.com, LLC

Shannon K. Cummings
State Bar No. 1033710
16345 West Glendale Drive
New Berlin, WI 53151-28
Phone: (414) 224-8404

Gray & Associates, L.L.P. is attempting to collect a debt and any information obtained will be used for that purpose. If you have previously received a discharge in a chapter 7 bankruptcy case, this communication should not be construed as an attempt to hold you personally liable for the debt.

United States Bankruptcy Court
Eastern District of Wisconsin

## Notice of Bankruptcy Case Filing

**Bankruptcy Case Number 26-20664-gmh** concerning the debtor(s) listed below was filed under **Chapter 7** of the United States Bankruptcy Code on **02/09/2026** at **12:19 PM** and entered into the Case Management/Electronic Case Filing system on 02/09/2026 at 12:38 PM.

**Anita Marie Jones**
7725 N 80th St
Milwaukee, WI 53223
SSN / ITIN: xxx-xx[redacted]

The case is assigned to Judge G Michael Halfenger.

The bankruptcy trustee is:

**Titania D. Whitten**
Whitten Law Offices
10425 W. North Avenue
Suite 350
Wauwatosa, WI 53226
414-431-0007

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page www.wieb.uscourts.gov or at the Clerk's Office, Room 126, U.S. Courthouse, 517 East Wisconsin Avenue, Milwaukee, WI 53202-4581 (414-297-3291).

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**SEAN D. MCDERMOTT**
**Clerk, U.S. Bankruptcy Court**

FILED
02-10-2026
Anna Maria Hodges
Clerk of Circuit Court
2021CV007069

**Gray & Associates, L.L.P.**
ATTORNEYS AT LAW
16345 West Glendale Drive
New Berlin, WI 53151-2841
(414) 224-8404
FAX (414) 224-1279

February 10, 2026

The Honorable Michael J Hanrahan
Circuit Court Judge
901 N. Ninth Street
Milwaukee, WI 53233-1425

RE: loanDepot.com, LLC v. Anita M. Jones, et al
Case No. 21-CV-007069

Dear Judge Hanrahan:

The purpose of this letter is to ask the Court to reject the proposed order denying the motion for relief due to the recent bankruptcy filing. Our office will re-submit it once the automatic stay is no longer in place Thank you.

Sincerely,
Gray & Associates, L.L.P.

Patricia C. Lonzo

cc: Anita Jones

Gray & Associates, L.L.P. is attempting to collect a debt and any information obtained will be used for that purpose. If you have previously received a discharge in a chapter 7 bankruptcy case, this communication should not be construed as an attempt to hold you personally liable for the debt.



Ex. B