So Ordered.

Dated: July 24, 2026

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In re:

Anita Marie Jones,
Debtor.

Case No. 26-20664-gmh
Chapter 7

---

Anita Marie Jones,
Plaintiff,

v.

Adv. Proc. No. 26-02035-gmh

Loandepot.com LLC,
Defendant.

---

**ORDER (1) REOPENING BANKRUPTCY CASE TO ALLOW FOR THE ENTRY OF A CHAPTER 7 DISCHARGE; (2) IMMEDIATELY RECLOSING THE CASE AFTER THE CHAPTER 7 DISCHARGE IS ENTERED; AND (3) ABSTAINING AND DISMISSING RELATED ADVERSARY PROCEEDING PURSUANT TO 28 U.S.C. §1334(c)(1)**

---

The debtor filed her chapter 7 case on February 9, 2026. On June 30, 2026, the court entered an order closing the debtor's case without entering the chapter 7 discharge

because she had failed to file a certificate demonstrating that she had completed the personal financial management course. ECF No. 79. The June 30 order also required the debtor, who is the plaintiff in Adversary Proceeding Number 26-02035, to show cause in writing why the court should not abstain from adjudicating the adversary proceeding and dismiss it pursuant to 28 U.S.C. §1334(c)(1) in the interests of justice because it can serve no bankruptcy purpose after the bankruptcy case is concluded. *Id*.

On July 2, 2026, the debtor filed a certificate demonstrating that she completed a financial management course in June 2026, and on July 7, 2026, she filed a motion to reopen her bankruptcy case and paid the reopening fee. ECF Nos. 81 & 85. The debtor-plaintiff also filed a response to the court's order requiring her to show cause why it should not abstain from adjudicating the adversary proceeding and dismiss it pursuant to 28 U.S.C. §1334(c)(1) because it has no bankruptcy purpose. Adv. Proc. No. 26-02035, ECF No. 39.

The debtor-plaintiff argues that her case should be reopened because her failure to file the financial management certificate was an oversight, and she has now filed the certificate, filed a motion to reopen, and paid the filing fee.

With respect to the court's requirement to show cause why it should not abstain from and dismiss the adversary proceeding, the debtor asserts that her "adversary proceeding involves substantial claims regarding an explicit abuse of the judicial process. [because she alleges in the second amended complaint that] the Defendants engaged in direct litigation fraud by exploiting a state court judicial vacancy, fabricating a non-final state foreclosure judgment date, and altering documents using an outdated Clerk of Court's digital signature." ECF No. 39, at 1. The debtor-plaintiff argues that "[t]his Court possesses the inherent equitable power under 11 U.S.C. §105(a) to police and sanction bad-faith litigation conduct that directly affects the administration of the debtor's estate." *Id*. She further argues that abstention and dismissal will "severely prejudice" her. *Id*.

The only claim in the debtor-plaintiff's complaint that asserts a federal law claim is Count 1, which is a request for a finding that loanDepot.com ("Creditor") be held in civil contempt for violating a June 10, 2026 court order this court entered in the debtor's bankruptcy case. But this claim overlaps both factually and legally with the debtor's previous motion for contempt against the Creditor. She filed that motion in her bankruptcy case, and the court ruled it on June 10, 2026. In her contempt motion, the debtor alleged that Creditor violated the automatic stay when it emailed the Milwaukee County sheriff a proposed sheriff's report of sale and proposed sheriff's deed after the petition was filed. ECF No. 68; see also ECF No. 75, at 1. The court entered a final order adjudicating the motion. ECF No. 75. The order explains that Creditor commenced a prepetition state-court foreclosure action against the debtor, and on February 9, 2026, a sheriff's sale was conducted in the state court case before the debtor filed her bankruptcy petition. ECF No. 75, at 2. The court concluded that "[t]o the extent that (a) the sheriff's report of sale and sheriff's deed or (b) the processing of them, including Creditor's counsel drafting them and Milwaukee County Sheriff's Office filing them in the State Court Case, would have any legal effect under nonbankruptcy law, that legal effect, including the documents themselves if legally efficacious, is nullified and the documents voided as having violated the §362(a) stay." *Id*. at 3. The court *did not* state that the sheriff's sale itself violated the automatic stay, however. The sale didn't violate the sale because it occurred before the debtor filed her bankruptcy petition.

The debtor's amended adversary complaint attempts to plead a federal law claim against the Creditor, alleging that the Creditor willfully defied the stay and the court's June 10 order because, on June 22, 2026, Creditor's counsel drafted, and the Milwaukee County Sheriff filed, an amended sheriff's report of sale and amended sheriff's deed in the state court foreclosure case based on the February 9 pre-petition sheriff's sale. Adv. Proc. No. 34, at 2. And, while the debtor admits that the Creditor obtained relief from the

automatic stay in May 2026 to proceed with the state-court foreclosure action, the debtor contends that the Creditor was required to start the sheriff's sale process anew. *Id*. The debtor further asserts that "[t]his unauthorized filing represents a bad-faith attempt to circumvent this Tribunal's explicit rulings, constituting direct civil contempt of this Court's authority." *Id*.

As noted above, the court did not hold, and could not have held, that the Creditor's sheriff's sale, which was conducted prepetition, violated the automatic stay. The automatic stay did not go into effect until the debtor filed her petition later that same day. As a result, the allegations in the complaint, even if taken as true, do not establish that the Creditor violated the court's order or otherwise state a claim for civil contempt. The debtor's remaining claims appear to arise—if at all—under non-bankruptcy law.

The debtor has filed her financial management certificate, and she is eligible for a discharge. The chapter 7 trustee has reported that there no assets to distribute for the benefit of creditors.

Considering these circumstances, the court concludes that Adversary Proceeding Number 26-02035 does not state a federal cause of action on which relief may be granted, and because the allegations in the complaint relate to non-bankruptcy law claims relating to state-law claims the debtor has presented in (or could present in) a pending state court foreclosure case. The court further concludes that the interests of justice, comity with the state court, and the respect for state law all favor abstaining from adjudicating Adversary Proceeding Number 26-02035 pursuant to 28 U.S.C. §1334(c)(1), because the adversary proceeding can serve no bankruptcy purpose now that the bankruptcy case will again be closed after the clerk enters the discharge order.

As a result, it is hereby ORDERED as follows:

1. The debtor's motion to reopen is granted, and her bankruptcy case is reopened, and the financial management certificate she filed on July 2 is received into the

record.

2. The clerk is ordered to re-close the bankruptcy case after entering a separate order for discharge in this case.
3. The court abstains from adjudicating the adversary proceeding under 28 U.S.C. §1334(c)(1) and the adversary proceeding is DISMISSED without prejudice.

# # # # #